UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEO RAYMOND TERLISNER,

       Petitioner,

                                            Case No. 1:16-cv-43

v.

                                            HON. ROBERT HOLMES BELL

SHANE JACKSON,

       Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Leo Raymond Terlisner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). On February 2, 2016, United States Magistrate Judge Phillip J. Green issued a report and recommendation ("R&R") (ECF No. 2), recommending that the petition be dismissed because it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner has filed objections to the R&R. (ECF No. 3.)

The Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## I. Procedural Background

Following a jury trial that occurred in October 1977, Petitioner was found guilty of "aiding and abetting a robbery felony murder." *People v. Terlisner*, 292 N.W.2d 223, 225 (Mich. Ct. App. 1980). He was sentenced to a mandatory term of life imprisonment. *Id.* Petitioner's direct appeal of his sentence was denied, *see id.*, and the Michigan Supreme Court denied Petitioner leave to appeal "because the Court is not persuaded that the questions presented should be reviewed by this Court," *People v. Terlisner*, 315 N.W.2d 127, 127 (Mich. 1982). Petitioner then filed a petition for writ of habeas corpus in the Eastern District of Michigan. The petition was denied, and the Court of Appeals for the Sixth Circuit affirmed the district court. *Terlisner v. Foltz*, No. 85-1138, 1986 WL 17025, at *1 (6th Cir. May 12, 1986).

On March 21, 2013, the Circuit Court for the County of Van Buren, Michigan, issued an opinion and order granting Petitioner's recently filed motion for relief from judgment, finding that "the court views Defendant's conviction for felony murder as unjust due to his minimal involvement and lack of malice necessary for murder." (Order, ECF No. 1-1, PageID.18.) The court set aside Petitioner's conviction for felony murder, and simultaneously entered a conviction for unarmed robbery. (*Id.* at PageID.19.) The state appealed. On August 26, 2014, a panel of the Michigan Court of Appeals found that the state circuit court abused

its discretion, and "remand[ed] with instructions to reinstate that [felony murder] conviction." (8/26/2014 Order, ECF No. 1-1, PageID.48.) On June 3, 2015, the Michigan Supreme Court denied leave to appeal the Michigan Court of Appeals' decision reversing the circuit court. *People v. Terlisner*, 863 N.W.2d 329, 329 (Mich. 2015). Petitioner's motion for reconsideration was denied on November 24, 2015. *People v. Terlisner*, 871 N.W.2d 163, 163 (Mich. 2015).

After the Michigan Supreme Court denied the motion for reconsideration, Petitioner brought this petition for writ of habeas corpus to federal court. The Magistrate Judge found that the statute of limitations had lapsed on April 24, 1997, one year after the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") was enacted. (R&R 4.) Petitioner disagrees, arguing that, because the petition was filed within one year of the date that the Michigan Supreme Court denied his motion for reconsideration, his petition is timely. (Objections 2.)

## II. Analysis

The AEDPA imposes a one-year statute of limitations for habeas petitions that challenge state-court judgments:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by

> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d). As the R&R noted, Petitioner's state court conviction became final prior to the AEDPA's effective date in 1996. The Sixth Circuit has held that a petitioner whose conviction becomes final prior to the AEDPA's effective date "has one year from the effective date, or until April 24, 1997, within which to file a petition for writ of habeas corpus." *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (collecting cases).

Petitioner's argument that his petition before this Court is timely because it was filed within one year of the Supreme Court's denial of his motion for relief from judgment is meritless. "A properly filed application for state post-conviction relief," such as a motion for relief from judgment, "will toll the limitations period, 28 U.S.C. § 2244(d)(2), but it does not restart the clock." *McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)). As in *McMurray*, when Petitioner filed his motion for relief from judgment with the state trial court, "nothing was left of the one-year statute of limitations to toll." *See id.* Moreover, Petitioner has not argued that he is entitled

to equitable tolling, nor has he argued that he is actually innocent. The Court therefore agrees with the Magistrate Judge's conclusion that the petition is time barred.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* at 484. That is the case here and, therefore, the Court will deny Petitioner a certificate of appealability.

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Magistrate Judge's February 2, 2016 report and recommendation (ECF No. 2) is **APPROVED and ADOPTED** as the Opinion of this Court. Petitioner's objections to the report and recommendation (ECF No. 3) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** as time barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Judgment will enter in accordance with this memorandum opinion and order.


Dated: <u>May 16, 2016</u>                              /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                             UNITED STATES DISTRICT JUDGE